FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 30  AM 12: 46

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVERLY RILEY                                    CIVIL ACTION

VERSUS                                           NO: 00-0046

HMO LOUISIANA, INC., ET AL                       SECTION: "T"(1)

### REPORT AND RECOMMENDATION

The motion of plaintiff, Beverly Riley ("Riley") for attorneys' fees and costs pursuant to 29 U.S.C. § 1161 has been referred to the undersigned for report and recommendation pursuant to Rule 73 of the Local Rules of this Court. Rec. doc. 17.

Riley filed her complaint against HMO Louisiana, Inc., Sheila Lumbi and Paul L. Lumbi ("Lumbi"). Rec. doc. 1. Riley worked for Lumbi for about two years, before she was terminated. Her COBRA coverage was terminated because of the failure of Lumbi to pay the premium. Riley alleges that Lumbi violated COBRA by failing to afford her the opportunity to continue her group coverage.

Riley was unable to serve Sheila Lumbi, so she was dismissed as a defendant without prejudice in accord with Fed. R. Civ. P. 4(m). Rec. doc. 10. HMO Louisiana, Inc. answered the

DATE OF MAILING  NOV 3 0 2000

DATE OF ENTRY  NOV 3 0 2000

___Fee___
___Process___
_X_ Dktd___
___CtRmDep
Doc.No. 21

complaint. Rec. doc. 8. A default was entered against Paul Lumbi. Rec. doc. 7. Riley filed a motion for entry of judgment (Rec. doc. 13), and on October 23, 2000, a judgment was entered in her favor and against Paul Lumbi for $26,171.00 together with legal interest and costs. Rec. doc. 14.

On October 30, 2000, Riley filed her motion to assess attorney's fees. It seeks an award against Paul Lumbi for 16 hours of work at $185 per hour for a total of $2,590. Riley's motion for attorneys' fees was filed ten days after the entry of the judgment against Paul Lumbi, so it is timely. Fed. R. Civ. P. 54 allows 14 days to file a motion for costs and attorneys' fees.

In any action under ERISA, including 29 U.S.C. § 1161 (continuation coverage), the court in its discretion may allow a reasonable attorney's fee to either party. 29 U.S.C. § 1132(g). The undersigned's review of the record shows Riley is entitled to an award of reasonable attorney's fees from Paul Lumbi.[1]

The method by which the district court calculates an attorney's fees award is well established. The district court calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 103 S. Ct. 1933, 1939-40 (1983). However, "the district court [retains] broad discretion in setting the appropriate award of attorneys' fees." Hensley, 103 S. Ct. at 1939-40.

In calculating the number of hours reasonably expended on the litigation, whether the total

---

[1] This is not intended as an expression about Riley's entitlement to an award of fees against any other party. Sheila Lumbi was dismissed without prejudice. While issue has been joined as to HMO Louisiana, Inc., a trial date has not even been set.

number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by defendants' attorneys. Hensley, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40. Next, the court must value the service according to the customary fee and quality of the legal work. The relevant market for purposes of determining the prevailing hourly billing rate to be paid in a fee award is the community in which the district court sits. Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998).

Riley seeks to recover for the services of only one attorney. Although Riley's counsel has not submitted contemporaneous billing records, he has provided an affidavit describing the hours and activity performed on behalf of Riley. The hours sought are reasonable except in one respect. Riley's attorney spent a total of nine hours on three occasions for meetings with Riley, reviewing her documents, legal research, drafting and filing her complaint. Some of this activity was directed at the other defendants, so it will be reduced to six hours. Riley's request for 16 hours is reduced to 13 hours.

The remaining issue is the reasonable hourly rate to apply to the time for Riley's attorney. Her counsel has more than 20 years of experience. The affidavits submitted in support of the motion show that he has substantial litigation experience, particularly in the field of employment law. Riley requests an hourly rate of $185 per hour. Recently the undersigned prepared reports and recommendations in Cathryn Green v. The Administrators of the Tulane Educational Fund, et al, CA 97-1869, Rec. doc. 199, affirmed by United States District Judge Duval, Rec. doc. 213, and Lakeland Anesthesia, Inc. v. SMA Health Plan, Inc. f/k/a Southeast Medical Alliance, CA 00-1219 "J",

affirmed by United States Judge Barbier, Rec. doc. 35. In those matters the undersigned was presented with affidavits and other evidence of hourly rates on a number of New Orleans law firms. Riley's request for $185 per hour for an attorney with more than 20 years of experience is within the range for lawyers with such experience as determined in those cases, so it will be used in this matter.

The final step in the determination of the lodestar is the multiplication of the reasonable hours, 13, times the reasonable hourly rate of $185 for a total of $2,405. There is no basis for any adjustment to the lodestar.

IT IS RECOMMENDED that Riley's motion for attorney's fees be granted that Riley be awarded attorney's fees of $2,405.00 from Paul Lumbi.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 29 day of November, 2000.

SALLY SHUSHAN
United States Magistrate Judge