```
                                    FILED
                              U.S. DISTRICT COURT
                            EASTERN DISTRICT OF LA

                              2001 JUL 10 AM 8:56

                              LORETTA G. WHYTE
                                    CLERK
```

MINUTE ENTRY
SHUSHAN, M.J.
JULY 10, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEVERLY RILEY | CIVIL ACTION |
| VERSUS | NO: 00-0046 |
| HMO LOUISIANA, INC., ET AL | SECTION: "T"(1) |

### HEARING ON MOTION

APPEARANCES:    Submitted on briefs

MOTION:    PLAINTIFF'S MOTION TO COMPEL

**GRANTED IN PART AND DENIED IN PART**

Before the court is the motion of Beverly Riley ("Riley"), the plaintiff, to compel the defendant, HMO Louisiana, Inc. ("HMO Louisiana"), to answer interrogatories and produce documents and for sanctions.

Local Rule 7.5 E. of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing

```
DATE OF ENTRY
  JUL 1 0 2001
```



of the motion. No memorandum in opposition to Riley's motion to compel discovery, set for hearing on July 11, 2001 at 9:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the Court that the motion has merit,

IT IS ORDERED that the motion is GRANTED in PART and DENIED in PART.[1] HMO Louisiana is ordered to respond to Riley's discovery requests fully and in writing, in accordance with Federal Rules of Civil Procedure 33 and 34 within ten working (10) days of the entry of this order. All objections to the discovery requests, except on the grounds of attorney-client privilege and work product doctrine, are deemed waived. Riley's request for sanctions is DENIED.

                                        SALLY SHUSHAN
                                        United States Magistrate Judge

Q:\MOTIONS\2000 Motions\00-0046 Riley.wpd

---

[1] A motion for reconsideration of this order, if any, must be filed within ten (10) days. The motion must be accompanied by an opposition memorandum to the original motion. Because such a motion would not have been necessary had a timely opposition been filed, the costs incurred in connection with the motion, including attorneys' fees will be assessed against the party moving for reconsideration. See Fed. R. Civ. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.