UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION |
| | * | |
| | * | NUMBER 00-0046 |
| VERSUS | * | |
| | * | SECTION "T" (1) |
| | * | |
| HMO LOUISIANA, INC., ET AL | * | JUDGE G. THOMAS PORTEOUS, JR. |
| | * | |
| | * | MAGISTRATE SALLY SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>JURY TRIAL DEMANDED</u>

<u>PRE-TRIAL ORDER</u>

A Pre-Trial Conference was held in this action on Thursday, August 16, 2001, at 10:30 a.m.

2. <u>APPEARANCES</u>

Clement P. Donelon on behalf of Plaintiff, Beverly Riley.

John E.W. Baay, II on behalf of Defendant HMO Louisiana, Inc.

3. <u>DESCRIPTION OF THE PARTIES</u>

Plaintiff, Beverly Riley, is a person of the full age of majority and a resident of and domiciled in Orleans Parish, which is within the Eastern District of Louisiana.



Defendant HMO Louisiana, Inc. is a Louisiana corporation authorized to do and doing business in the State of Louisiana.

4. <u>JURISDICTION</u>

This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367, the Court's Federal Question and Supplemental Jurisdictions. Federal question jurisdiction is based on the Employee Retirement Income Security Act of 1974, 29 U.S.C. §101, *et seq.* (hereinafter "ERISA").

5. <u>LIST AND DESCRIPTION OF PENDING OR CONTEMPLATED MOTIONS</u>

Plaintiff has none. In fact, the motion cut-off date established by the Court's January 9, 2001 order has passed.

Defendant has no pending motions.

6. <u>BRIEF SUMMARY OF THE MATERIAL FACTS</u>

<u>Plaintiff</u>

In October and November of 1998, Plaintiff Beverly Riley was employed by Defendants Sheila Lumbi, wife of and Paul L. Lumbi d/b/a P&S Health Services (P&S) as a nurse. On or about October 22, 1998, P&S submitted an application for group health insurance coverage for its employees, including Plaintiff Beverly Riley, with Defendant HMO Louisiana, Inc. (HMO). In November of 1998, Plaintiff Beverly Riley submitted her own application for coverage under the P&S policy with HMO.

In November of 1998, the applications of both P&S and Plaintiff were approved by Defendant HMO. The monthly premium for the group health insurance policy

which HMO issued to P&S was $1,229.00. P&S paid its first premium on November 24, 1998. Included in that premium was coverage for Plaintiff Beverly Riley. Thereafter, on December 4, 1998, Defendant HMO mailed out the group insurance contract to P&S.

In early December of 1998, Plaintiff Beverly Riley contacted Defendant and told HMO that her gynecologist, Dr. Charles Rene, had advised her that she needed surgery. This surgery was scheduled to be performed on December 14, 1998 at Pendelton Memorial Methodist Hospital.

On December 11, 1998, Defendant HMO notified Plaintiff in writing that her December 14, 1998 surgery had been pre-certified for a three day hospital stay. Plaintiff was admitted to Pendelton Memorial Methodist Hospital on December 14, 1998 and Dr. Rene performed the scheduled surgery on that date. Plaintiff remained hospitalized at Pendelton for three days. At no time did Defendant HMO advise Plaintiff that P&S had not paid the premium on its group health policy or that there might be a problem with her coverage under P&S's group policy.

On December 21, 1998, Defendant HMO wrote to P&S to advise that Defendant "did not receive your December 01, 1998 payment." In its December 21, 1998 letter, Defendant HMO stated:

> As the insurer of your health plan, Blue Cross and Blue Shield of Louisiana also bears a co-fiduciary responsibility to properly inform its policy holders if their plan has been terminated.

On January 21, 1999, Defendant HMO wrote to P&S and advised that P&S's group health insurance coverage had been cancelled for "non-payment of premium."

3

The cancellation was effective back to December 1, 1998. Thereafter, on January 26, 1999, Defendant HMO sent a notice to Plaintiff advising her that her coverage under the P&S policy had been terminated.

Defendant HMO denied coverage for Plaintiff's December 14, 1998 surgery and related expenses. Additionally, Defendant HMO never gave Plaintiff an opportunity to continue her coverage under P&S's group policy to an individual policy.

Defendant

On October 22, 1998, HMO Louisiana, Inc. received an application for Comprehensive Group Coverage and the first months premium from P&S Health Service (the "Employer"). The application indicates that the Employer employs twenty-three individuals. The application seeks coverage for management and office personnel only, leaving only four employees eligible for group coverage. The application reflects that the Employer requested an effective date for coverage beginning on November 1, 1998.

On October 23, 1998, the application was forwarded to the underwriting department at HMO Louisiana. After reviewing the application, the underwriting department at HMO Louisiana approved P&S Health Service for group coverage on November 13, 1998, with an effective date of November 1, 1998, and the application was sent to group administration to be set up in their system.

On November 23, 1998, HMO Louisiana mailed identification cards and Certificates of Group Coverage to the Employer for each employee enrolled in the

group, including Plaintiff, Beverly Riley. The records of HMO Louisiana indicate that the monthly premium of $1,229.00 was credited to the group contract for the month of November, 1998.

On December 21, 1998, HMO Louisiana, Inc. sent the Employer a letter warning that no premium for the month of December had been received. On January 21, 1999, HMO Louisiana notified the Employer that the group contract was cancelled for nonpayment of premiums. The effective date of the cancellation was December 1, 1998: the last for which premiums had been paid. On January 26, 1999, a certificate of coverage indicating that coverage had been cancelled was sent to all employees, including Beverly Riley.

All of the claims which are the subject of this lawsuit were incurred by Beverly Riley after the effective termination date of the group contract. Therefore, none of the claims were paid.

7.  SINGLE LISTING OF ALL UNCONTESTED MATERIAL FACTS

a.  In October of 1998, Defendant Sheila Lumbi applied for group health insurance with HMO Louisiana, Inc. for employees of P&S Home Health Service.

b.  HMO Louisiana, Inc. assigned P&S Home Health Service Application Group Contract No. 26503-00.

c.  In November of 1998, Plaintiff, Beverly Riley, submitted an application for coverage for herself under the P&S Home Health Service application for group coverage under Group Contract No. 26503-00.

d.  On November 13, 1998, HMO Louisiana, Inc. approved the applications of P&S Home Health Service and Beverly Riley under Group Contract No. 26503-00.

e.  Beverly Riley was employed by P&S Home Health Service until November 3, 1998.

f.  On or about November 24, 1998, HMO Louisiana credited P&S Home Health Service's account for its November 1998 premium of $1,229.00 pursuant to the application for group health insurance.

g.  On or about December 11, 1998, HMO Louisiana, Inc. pre-certified Plaintiff Beverly Riley under Group Contract No. 26503-00 for a three day hospitalization at Pendelton Memorial Methodist Hospital commencing on December 14, 1998.

h.  On December 14, 1998, Plaintiff, Beverly Riley, was admitted to Pendelton Memorial Hospital for a surgical procedure.

i.  Plaintiff Beverly Riley was discharged from Pendelton Memorial Methodist Hospital on December 16, 1998.

j.  Plaintiff Beverly Riley's bill from Pendelton Memorial Methodist Hospital for her December 14th-16th, 1998 hospitalization was $20,800.32.

k.  Dr. Charles Rene was Plaintiff Beverly Riley's surgeon and Dr. Rene's bill for the surgery which he performed on Plaintiff on December 14, 1998 was $2,500.00.

l.  Anesthesia East, Inc, was the anesthesiologist group who provided anesthesiology services to Plaintiff and in connection with her December 14, 1998 surgery and Anesthesia East's bill for services rendered to Plaintiff was $1,350.00.

m.  Dr. Joseph Mancuso rendered surgical pathology services to Plaintiff in connection with her December 14, 1998 surgery and Dr. Mancuso's bill to Plaintiff for his services was $527.00.

n.  On December 21, 1998, Defendant HMO Louisiana wrote to P&S Home Health Service and advised that Defendant HMO Louisiana did not receive P&S's December, 1998 premium, which was due December 1, 1998.

8.  SINGLE LISTING OF THE CONTESTED ISSUE OF FACT

a.  What was the effective date of the group health insurance policy which Defendant HMO issued to P&S.

b.  Whether it was the policy of Defendant HMO to approve group health insurance policies prior to receiving the first premium on said policy.

c.  Whether the effective date on the group health insurance policy which Defendant HMO issued to P&S should have been the date P&S paid its first premium.

d.  Whether pre-certification of a surgical procedure under the group policy which Defendant HMO issued to P&S meant that benefits for services would be paid in accordance with the provisions of HMO's policy.

e.  Whether Defendant HMO is estopped from refusing to pay the medical expenses which Plaintiff incurred as a result of her December 14th-16th, 1998 surgery and hospitalization.

f. Whether Defendant HMO owed a fiduciary or other duty to Plaintiff Beverly Riley to advise her on December 11, 1998 that the premium on the group insurance policy which Defendant had issued to P&S was allegedly past due and that her surgery and associated medical expenses might not be covered by HMO's policy.

g. Whether Defendant HMO breached a fiduciary or any other duty which it owed to Plaintiff by not advising her that her surgery and hospitalization which was scheduled for December 14th-16th, 1998 might not be covered under HMO's policy.

h. Whether Plaintiff Beverly Riley relied to her detriment on Defendant HMO's December 11, 1998 pre-certification of her December 14, 1998 surgery and three day hospitalization.

i. The quantum of Plaintiff's monetary damages.

j. Whether Plaintiff is entitled to an award of reasonable attorney's fees.

k. Whether Plaintiff is entitled to an award in the amount of her surgery related medical expenses which were $25,177.32.

l. Whether Plaintiffs filed claims for benefits for the medical expenses incurred.

m. Whether P&S was the plan administrator ad defined by ERISA.

n. Whether Plaintiff of P&S paid premiums for coverage beyond December 1, 1998.

o. Whether Plaintiff exhausted her administrative remedies.

p.  Whether Plaintiff's claims are covered, if the court finds the policy was in effect, and the amount of the benefit due for each claim.

q.  Whether it was reasonable for Plaintiff to assume that she had coverage for the December 14th hospitalization.

9. **SINGLE LISTING OF CONTESTED LEGAL ISSUES**

a.  Did Defendant HMO breach its contractual obligation(s) under group health insurance policy which it provided to P&S and Plaintiff by refusing to pay the cost(s) of Plaintiff's December 14, 1998 surgery and related medical expenses.

b.  Are Plaintiff's claims governed by the provisions of the Employees Retirement Income Security Act (ERISA) and if they are, did Defendant HMO violate the provisions of ERISA by not paying the cost(s) of Plaintiff's December 14, 1998 surgery and related hospitalization.

c.  Whether the effective dates for group coverage were November 1, 1998 to December 1, 1998.

d.  Was Defendant HMO obligated under the group policy which it issued to P&S to pay the medical expenses which Plaintiff Beverly Riley incurred in connection with her December 14th-16th, 1998 surgery and hospitalization.

e.  Whether under the provisions of the group health insurance policy which Defendant HMO issued to P&S did pre-certification of a hospitalization constitute an obligation to pay benefits and/or related medical expenses.

9

f.  Whether Defendant HMO owed a duty to advise Plaintiff on December 11, 1998 that P&S had not paid the December premium on the policy which Defendant had issued and that HMO may deny benefits regarding her December 14th-16th, 1998 surgery and hospitalization.

g.  Whether Plaintiff Beverly Riley relied to her detriment on Defendant HMO's pre-certification of her December 14th-16th, 1998 surgery and hospitalization.

h.  Whether Defendant HMO was estopped from refusing to pay the hospital and medical expenses which Plaintiff incurred in connection with her December 14th-16th, 1998 surgery and hospitalization.

i.  Is Plaintiff entitled to an award of reasonable attorney's fees.

j.  What is the quantum of Plaintiff's damages.

k.  Was Defendant HMO obligated to offer Plaintiff the right to continue coverage after it cancelled the P&S group health insurance policy.

l.  Whether Defendant HMO Louisiana is liable for payment of benefits for claims incurred after December 1, 1998.

m.  Whether Plaintiffs' claims are pre-mature for failing to exhaust her administrative remedies.

n.  Whether Plaintiff's state law claims are pre-empted by ERISA.

o.  Whether Defendant P&S is solely liable for the claims made by Plaintiff.

10. <u>LIST OF EXHIBITS</u>

   <u>Plaintiff</u>

a. Certified copy of the medical records, reports and bills from Pendelton Memorial Methodist Hospital regarding Plaintiff's December 14th-16th, 1998 hospitalization and surgery.

b. Certified copy of the medical records, reports and bills of Dr. Charles Rene regarding the surgery which he performed on Plaintiff on or about December 14, 1998.

c. A certified copy of the bill of Anesthesia East, Inc. for services rendered to Plaintiff during her December 14th-16th, 1998 hospitalization and surgery.

d. A certified copy of the records, reports and bills of Dr. Joseph F. Mancuso, M.D. for his services rendered on behalf of Plaintiff during her December 14th-16th, 1998 hospitalization.

e. Plaintiff's discovery requests and Defendant HMO's responses thereto.

f. Copy of the group health insurance policy which Defendant HMO issued to P&S, Group Contract No. 26503-00.

g. Application for Louisiana Blue Health Plans which Plaintiff submitted to Defendant HMO for coverage.

h. Schedule of Benefits which Defendant HMO provided to Plaintiff regarding Group Contract No. 26503-00.

i.  Application for Comprehensive Group Coverage which Sheila Lumbi submitted to Defendant HMO.

j.  Detail Listing of Claims which Defendant HMO paid out under Group Contract No. 26503-00.

k.  Letter dated December 11, 1998 from HMO Louisiana, Inc. to Plaintiff pre-certifying her December 14, 1998 hospitalization.

l.  Blue Cross and Blue Shield of Louisiana Group Master Payment Information regarding Group Contract No. 26503-00 issued to P&S Health Service - Management.

m.  Letter dated December 21, 1998 from Terri D. Klack at HMO to P&S Health Service - Management.

n.  Letter dated January 21, 1999 from Terri Klack at HMO to P&S Health Service - Management.

o.  Certificate of Coverage dated January 26, 1999 issued to Plaintiff by Defendant HMO.

p.  Letter dated March 18, 1999 from Rose Florida of HMO to Jerry Lambert of the Office of Commissioner of Insurance. (Relevancy disputed by Defendant.)

q.  Marketing/underwriting Bulletin Board of Defendant HMO regarding Group Contract No. 26503-00.

r.  A copy of the deposition of Shirley Parish - Representative of Defendant HMO.

s.  Defendant HMO's responses to Plaintiff's First and Second Set of Interrogatories and First and Second Request for Production of Documents and all documents provided by Defendant HMO with its responses.

t.  Defendant HMO's responses to Plaintiff's Requests for Admissions.

u.  All Plaintiff's medical bills for services rendered in connection with her December 14th-16th, 1998 hospitalization and surgery.

v.  Any document listed by Defendant HMO.

The above exhibits should be admitted without objection, except for exhibit "p".

**Defendant**

a.  Certified copy of HMO Louisiana Point of Service Contract for Group Coverage and any amendments thereto.

b.  A certified copy of HMO Louisiana Point of Service Certificate of Group Coverage and any riders and endorsements, and any amendments thereto.

11. **LIST OF DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE**

**Plaintiff**

The 30(b)(6) deposition of Shirley Parish, the Representative of Defendant HMO.

12. **LIST AND BRIEF DESCRIPTION OF ANY CHARTS, GRAPHS, MODELS, SCHEMATIC DIAGRAMS AND SIMILAR OBJECTS WHICH RESPECTIVE COUNSEL INTEND TO USE IN OPENING STATEMENTS OR CLOSING ARGUMENTS**

Plaintiff

a. An enlargement of the December 11, 1998 letter from Defendant HMO to Plaintiff pre-certifying Plaintiff's December 14th-16th, 1998 hospitalization.

b. An enlargement of Terri D. Klack's December 21, 1998 letter to P&S Health Service - Management.

Defendant

a. An enlargement of Terri D. Klack's January 21, 1999 letter to P&S Health Service-Management.

13. LIST OF WITNESSES

Plaintiff

Will Call

a. Beverly Riley
8181 Lake Forest Boulevard
Apt. 207
New Orleans, Louisiana 70126

Plaintiff will testify regarding her employment with P&S Health Service - Management and her health insurance coverage with Defendant HMO. Plaintiff will also testify about her hospitalization and surgery at Pendelton Memorial Methodist Hospital from December 14th-16th, 1998 and the bills she received as a result of said hospitalization. Plaintiff will also testify regarding Defendant HMO's pre-certification of her hospitalization and HMO's subsequent refusal to bill for her hospitalization and surgery and the damages which she has sustained as a result thereof. Plaintiff will also

14

testify about how she relied on Defendant HMO's pre-certification in having her surgery performed on December 14, 1998 at Pendelton Memorial Methodist Hospital.

May Call

a. Dr. Charles Rene, M.D.
9801 Lake Forest Boulevard
New Orleans, Louisiana 70127

b. A Representative of Pendelton Memorial
Methodist Hospital
5620 Read Boulevard
New Orleans, Louisiana 70127

c. A Representative of Anesthesia East, Inc.
9830 Lake Forest Boulevard
New Orleans, Louisiana 70127

d. Dr. Joseph Mancuso, M.D.
Mandeville, Louisiana

Doctors Rene and Mancuso and Representatives of Pendelton Memorial and Anesthesia East may be called to testify regarding medical services rendered to or on behalf of Plaintiff by them during the period of December 14th-16th, 1998 and their bills for their services.

e. Shirley Parish
5525 Reitz Avenue
Baton Rouge, Louisiana 70805

Ms. Parish may be called to testify regarding the group health insurance contract which Defendant HMO issued to P&S Health Services - Management and regarding Plaintiff's claim(s) resulting from her December 14th-16th, 1998 hospitalization and surgery.

f.    A Representative of Defendant HMO
5525 Reitz Avenue
Baton Rouge, Louisiana 70805

A Representative of Defendant HMO may be called to testify about the same things listed for Ms. Parish.

g.    Sheila or Paul Lumbi
51 Park Timbers
New Orleans, Louisiana

Defendants Sheila and/or Paul Lumbi may be called to testify regarding P&S's group health insurance coverage with Defendant HMO.

Plaintiff filed her witness list in accordance with the Court's January 9, 2001 order as amended.

### Defendant

### Will Call

a.    Shirley Parish
5525 Reitz Avenue
Baton Rouge, Louisiana 70805

Ms. Parish will be called to testify regarding the group health insurance contract which Defendant HMO issued to P&S Health Services - Management and regarding Plaintiff's claim(s) resulting from her December 14th-16th, 1998 hospitalization and surgery.

b.    Ms. Val Cowart
5525 Reitz Avenue
Baton Rouge, LA 70805

Ms. Cowart will testify about the benefits which would be paid if the Court finds the claims are covered.

14. THIS CASE IS A JURY/NON-JURY CASE. The Jury is applicable to the issues other than ERISA.

"Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court."

15. The issue of liability (will/will not) be tried separate from the issue of quantum.

16. STATEMENT OF MATTER(S) WHICH MIGHT EXPEDITE DISPOSITION OF CASE

   Plaintiff:    None

   Defendant:    If the Court concludes that the state law claims are pre-empted by ERISA, the parties can probably stipulate to the material facts and the Court could decide the case on the briefs.

17. The Trial in this matter shall commence on Monday, August 27, 2001 at 10:00 a.m.

18. "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. "Possibility of settlement of this case was considered."

Respectfully submitted,

_____
CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

_____
JOHN E. W. BAAY, II
Steen, McShane & Williamson, LLC
1100 Poydras Street
Suite 1250, Energy Centre
New Orleans, Louisiana 70163-1250
Telephone: (504) 599-8440

Signed this ____ day of August, 2001, New Orleans, Louisiana.

_____
District Judge