FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 OCT -3 AM 8:42

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION "T" |
| | * | |
| HMO LOUISIANA, INC. AND SHIELA | * | MAG. (1) |
| LUMBI WIFE OF AND PAUL L. LUMBI | * | |
| D/B/A P& S HOME HEALTH SERVICES | * | JUDGE PORTEOUS |
| | * | |
| | * | MAGISTRATE SHUSHAN |

### REPLY TO OPPOSITION OF
### MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, HMO Louisiana ("Blue Cross"), respectfully submits this reply to the Plaintiff's Memorandum in Opposition of Motion for Summary Judgment. The arguments asserted and cases cited by Plaintiff fail to show that Plaintiff's state law claims are not subject to ERISA preemption.

The Plaintiff apparently relies on *Mehaffey v. Boston Mutual Life Insurance Co.*, 31 F. Supp.2d 1329 (M.D. Ala. 1998), for the proposition that her state law claims do not relate to the ERISA-covered plan that is the basis for this dispute. That reliance is misplaced. Central to the holding of *Mehaffey* is that no plan was ever issued. *Id.* at 1335; See also *Dickerson v. Alexander Hamilton Life Ins. Co.*, 130 F. Supp.2d 1271, 1278 (N.D. Ala. 2001) ("[I]n contrast to the plaintiffs in *Mehaffey*, the plaintiffs in the present action do not dispute the existence of valid [policy]").



Here, there is no dispute that Blue Cross validly issued the plan which covered the Plaintiff. As the Plaintiff notes, the *Mehaffey* court found the absence of a valid policy to be the "essential difference" between preemption and non-preemption. Accordingly, it is the "essential difference" in this case, and prevents any reliance on the holding of *Mehaffey*.

Furthermore, the claims in *Mehaffey* are based on the Alabama common law tort of "fraudulent inducement." While the tort of fraudulent inducement and the Louisiana Civil Code article on detrimental reliance are similar, detrimental reliance concerns *cause*, which is a central function of Louisiana contract law. See La. C.C. Art. 1967. Thus, the Alabama tort claim implicates a number of differing policy interests not applicable to Louisiana contract claims. Moreover, Alabama courts do not operate under the strict admonition of the Louisiana Supreme Court disfavoring the award of damages based on detrimental reliance. *Morris v. Friedman*, 94-2808, p. 8 (La 11/27/95), 663 So.2d 19, 25. These distinctions further erode any support for application of *Mehaffey* in this instance.

Finally, the Plaintiff misinterprets Comment (e) to Article 1967.[1] The comment in question does nothing to extend the form of relief available to a detrimental reliance claimant. The comment actually acts as a limit on recovery, giving the court the power to reduce damages to expenses incurred, not full performance. Furthermore, the Plaintiff's "damages" still relate to the underlying ERISA-covered policy. If it were not for the existence of the policy, the Plaintiff would have no

---

[1] Of course, comments to Articles of the Civil Code are "neither law nor source of law." See La. C.C. Art. 890, editor's note [Yiannopoulous].

right to sue Blue Cross. It is simply impossible for the Plaintiff to plead her claims in a way that does not relate to the policy and require interpretations of its provisions. In turn, this analysis implicates ERISA. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).

The Plaintiff's arguments in her opposition to the motion for summary judgement are, like her underlying claim, without merit. As stated in the previous motion, any remedy which might be available to Plaintiff under Louisiana law is preempted by ERISA and should be dismissed.

Respectfully submitted,

STEEN, MCSHANE & WILLIAMSON, L.L.C.

By: _____
JOHN E.W. BAAY II (#22928)
1100 Poydras Street
1250 Energy Centre
New Orleans, Louisiana 70163-1250
Telephone: (504) 599-8440
Facsimile: (504) 588-8459

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 1st day of October, 2001, served a copy of the foregoing pleading, by mailing the same by United States mail, properly addressed, and first class postage prepaid, or by hand delivery on counsel for all parties.

_[signature]_