

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION   "T" |
| | * | |
| HMO LOUISIANA, INC., ET AL | * | MAG. (1) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Beverly Riley, for the purpose of filing this Motion for Summary Judgment.

This Motion is filed on the basis that there is no material issue of fact, and as a matter of law, Plaintiff is entitled to a judgment on the following issues:

    a)     Defendant HMO Louisiana, Inc., violated the fiduciary duty which it owed to Plaintiff pursuant to 29 U.S.C. Section 1105 (a)(3) of ERISA; and/or

    b)     Defendant HMO Louisiana, Inc. violated the provisions of 29 U.S.C. Section 1105 (a)(1) by knowingly participating in the concealment of the fact that Plaintiff's group health insurance benefits had been suspended as of December 1, 1998.

Wherefore Plaintiff Beverly Riley respectfully requests that after due proceedings are conducted that this Honorable Court grant her Motion for Summary Judgment in her favor and

against Defendant, HMO Louisiana, Inc., and awarding her monetary damages in the amount of $25,177.32.

Respectfully submitted,

_____
CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S. Mails, postage prepaid and properly addressed, on this 13th day of Dec, 2001.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION   "T" |
| | * | |
| HMO LOUISIANA, INC., ET AL | * | MAG. (1) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S STATEMENT OF
## UNCONTESTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Beverly Riley, for the purpose of filing this Statement of Uncontested Material Facts in connection with Plaintiff's Motion for Summary Judgment.

1. At all times relevant, Plaintiff Beverly Riley was a participant in the P&S Health Service group health insurance plan.

2. In October of 1998, P&S Health Services filed an application for group health insurance benefits for its employees with Defendant HMO Louisiana, Inc.

3. Defendant HMO Louisiana, Inc. approved the application for group hospitalization benefits for the employees of P&S Health Services and Defendant HMO Louisiana, Inc. began providing group health insurance benefits to the employees of P&S Heath on November 1,

1998.

4. P&S Health Services paid the November, 1998 premium for the group health insurance which Defendant HMO Louisiana provided to its employees but P&S Health did not pay the December, 1998 premium which was due on December 1, 1998.

5. As a result of P&S Health Service's failure to pay the December, 1998 premium for its group health insurance coverage, Defendant HMO Louisiana, Inc. suspended the coverage which it provided to the employees of P&S Health Services effective December 1, 1998.

6. On December 11, 1998, Defendant HMO Louisiana, Inc. approved and pre-certified Plaintiff for a three day hospitalization and surgical procedure.

7. When Defendant HMO Louisiana, Inc. approved and pre-certified Plaintiff's surgery and hospitalization, Defendant HMO Louisiana had already suspended coverage for employees of P&S Health Services due to the non-payment of the premium which was due on December 1, 1998.

8. The first notice which Defendant HMO Louisiana gave to the Plaintiff that her employer provided health insurance coverage had been suspended and/or cancelled was when it sent her a Certificate of Coverage on January 26, 1999 which was about 1 ½ months after Plaintiff's hospitalization and surgery.

9. As a result of Defendant HMO Louisiana's failure to advise Plaintiff that her health insurance coverage had been suspended, Plaintiff incurred $25,177.32 of medical expenses for which Plaintiff could have made other arrangements.

Respectfully submitted,

*[signature]*

CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

---

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U S. Mails, postage prepaid and properly addressed, on this 13th day of _Nov_, 2001.

*[signature]*

---

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION   "T" |
| | * | |
| HMO LOUISIANA, INC., ET AL | * | MAG. (1) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

### FACTS

In October and November of 1998, Plaintiff Beverly Riley was employed by Defendants Sheila Lumbi, wife of and Paul L. Lumbi d/b/a P&S Health Services (P&S) as a nurse. On or about October 22, 1998, P&S submitted an application for group health insurance coverage for its employees, including Plaintiff Beverly Riley, with Defendant HMO Louisiana, Inc. (HMO). In November of 1998, Plaintiff Beverly Riley submitted her own application for coverage under the P&S policy with HMO. **See Exhibit A, Affidavit of Plaintiff.**

Effective November 1, 1998, the applications of both P&S and Plaintiff were approved by Defendant HMO for group hospitalization coverage. **See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, Pages 22 & 23.** The monthly premium for the group health

insurance policy which HMO issued to P&S and its employees, including the Plaintiff, was $1,229.00. P&S paid its November, 1998 premium. **See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, Pages 17-20.** Thereafter, Defendant HMO mailed out the group insurance contract to P&S and all employees of P&S, including Plaintiff Beverly Riley, who were provided coverage by Defendant HMO Louisiana. **See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, Page 15.**

In early December of 1998, Plaintiff Beverly Riley contacted Defendant and advised HMO that her gynecologist, Dr. Charles Rene, had advised her that she needed surgery. This surgery was scheduled to be performed on December 14, 1998 at Pendelton Memorial Methodist Hospital. On December 11, 1998, Defendant HMO notified Plaintiff in writing that her December 14, 1998 surgery had been pre-certified and that she had been approved for a three day hospital stay. Plaintiff was admitted to Pendelton Memorial Methodist Hospital on December 14, 1998 for her surgery, and Dr. Rene performed the scheduled surgery on that date. Plaintiff remained hospitalized at Pendelton for three days. At no time did Defendant HMO advise Plaintiff that P&S had not paid the December 1, 1998 premium on her group hospitalization coverage and/or that her coverage under the P&S group policy which HMO provided to the employees of P&S Health had been suspended for non-payment of the premium which was due on December 1, 1998. **See Exhibit A, Affidavit of Plaintiff.**

On December 21, 1998, Defendant HMO wrote to P&S to advise that Defendant **"<u>did not receive your December 01, 1998 payment.</u>"** See Exhibit C, December 21, 1998 Letter From **Terri D. Klack, Director of Benefits, Blue Cross/Blue Shield of Louisiana.**

In her December 21, 1998 letter, Ms. Klack also stated:

2

> As the insurer of your health plan, Blue Cross and Blue Shield of Louisiana also bears a co-fiduciary responsibility to properly inform its policy holders if their plan has been terminated.

**See Exhibit C, December 21, 1998 Letter of Terri D. Klack, Exhibit 2 to Deposition of Shirley Parish.**

At the Rule 30(b)(6) deposition of the representative of Defendant HMO Louisiana, Ms. Shirley Parish, HMO Louisiana's representative, identified the December 21, 1998 letter of Ms. Klack, and Ms. Parish acknowledged that Ms. Klack's statement regarding the fiduciary duty which Blue Cross owed to the employees of P&S Health Service was true and correct. **See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, pages 43-45.**

Additionally, at page 15 of the HMO Louisiana 30(b)(6) deposition, Ms. Parish further testified that HMO Louisiana sent out all delinquent and cancellation notices for the P&S Health Group health policy:

> Q. Did you have any involvement on the Contract that's the subject of this lawsuit that my client's name appears on this schedule of benefits? Did you do anything on it? Any kind of work at all involving it?
>
> A. We handle the account.
>
> Q. What does "handle the account" mean?
>
> A. We would take inquiries from the group on different questions about their membership. We would mail out delinquent and cancellation notices for the group.

**See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, page 15.**

Additionally, at her deposition when asked about what steps Defendant HMO took to notify employees of P&S Health that their group health insurance benefits had been cancelled, Ms. Parish

3

provided a Certificate of Coverage. However, that Certificate of Coverage was dated January 26, 1999. **See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, pages 41-48, Exhibit D, Copy of Certificate of Insurance Dated January 26, 1999 from HMO Louisiana to Plaintiff Beverly Riley, and Exhibit A, Affidavit of Plaintiff.**

Although it took no action to advise the Plaintiff that her group health insurance coverage had been suspended for non-payment prior to Plaintiff's December 14, 1998 hospitalization, Defendant HMO knew that P&S Health Service had suspended Plaintiff's coverage effective December 1, 1998. At her deposition, Ms. Parish testified that since P&S Health did not pay its December, 1998 premium which was due on December 1, 1998, Defendant HMO suspended the payment of all claims made pursuant to the group policy which HMO had issued to P&S and its employees. **See Exhibit B, Pages 40-44.** In fact, at page 44 of her deposition, Ms. Parish testified thusly on the issue of the suspension of P&S's group health insurance benefits between December 1, 1998 and December 21, 1998:

> **I know that the claims will not be paid if the pay to date is not current. If there (sic) was claims from December the 1st to December the 21st, the claims would not be paid. (emphasis supplied)**

**See Exhibit B, Deposition of Shirley Parish, Page 44.**

Thus, although Defendant HMO Louisiana knew as of December 1, 1998 that the premium on P&S Health's policy was past due and that it had suspended coverage for non payment of the December 1998 premium, Defendant HMO never shared that information with the Plaintiff. Furthermore, Defendant HMO led Plaintiff to believe that she was still covered under P&S Health group policy by pre-certifying and approving her hospitalization and surgery on December 11, 1998.

4

Rather than informing Plaintiff that her employer had not paid the December 1998 premium on her group health insurance coverage, Defendant HMO pre-certified Plaintiff's hospitalization and surgery 11 days after HMO had suspended Plaintiff's coverage.

## ARGUMENT

The Employee Retirement and Income Security Act of 1974 (ERISA) allows a fiduciary to delegate a fiduciary duty. See 29 U.S.C. Section 1105(c)(1). By its own admission, Defendant HMO assumed a fiduciary responsibility to properly inform P&S Health Service's employees if their group health insurance coverage had been terminated or suspended. **See Exhibit C.** Defendant HMO had in fact suspended coverage 11 days prior to pre-certifying Plaintiff's hospitalization and surgery. **See Exhibit B, 30(b)(6) Deposition of HMO Representative Shirley Parish, Page 44.**

In Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335, 1340 (11th Cir. 1992), a case involving facts very similar to those subjudice, the Court stated:

> **Providing notice of discontinuation or suspension of coverage is a fiduciary responsibility; employees are entitled to prompt notice of the suspension of their plan coverage.**

**See Exhibit E, Copy of Willett Decision.**

In regard to the issue of Defendant HMO's breach of the fiduciary duty which it owed to Plaintiff, 29 U.S.C. Section 1105(a) provides as follows:

**(A)**     **fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:**

**(3)**     **if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.**

**29 U.S.C. Section 1105(a)(3) (1985).**

In <u>Willett</u>, the plaintiffs, like Ms. Riley did here, sued their employer provided group health insurer under ERISA for breach of its fiduciary duty to inform them that their employer had not paid the premium on their group health insurance coverage. The district court granted a summary judgment for the plaintiff employees and against Defendant, Blue Cross and Blue Shield of Alabama. The Eleventh Circuit reversed on the issue of causation.

In <u>Willett</u>, at page 1341, the Court stated the following regarding the duty which an insurer owes as a co-fiduciary under an employer provided group health insurance plan to notify its insureds regarding their coverage:

> **We find that section 1105(c)(2) may create liability on Blue Cross' part for the losses incurred by the beneficiaries. Section 1105(c)(2) clearly provides that the delegation of a fiduciary duty does not end forever the delegating fiduciary's responsibility for ensuring that the duty is discharged. Under ERISA, a fiduciary must always be prepared to reassume a delegated fiduciary duty when it becomes apparent to the fiduciary that the party responsible for performing the duty has breached its obligation. <u>Id.</u> at § 1105(C0(2); <u>id.</u> at § 1105(a). <u>A fiduciary who becomes aware that a co-fiduciary has breached a fiduciary duty to plan beneficiaries may not escape liability by simply casting a blind eye toward the breach.</u> 1105(c)(2) (1985).**

See Exhibit E, Copy of <u>Willett</u> Decision.

In <u>Willett</u>, at pages 1341-42, the Eleventh Circuit went on to state the following regarding Blue Cross's fiduciary duty:

> **If Blue Cross had knowledge of May's failure to inform the plan beneficiaries that their coverage had lapsed for non payment of premiums, then Blue Cross incurred a duty to take reasonable steps to remedy the breach. <u>id.</u>**

Then, in language which is extremely relevant to the facts here, the Eleventh Circuit added:

6

> **Moreover, if Blue Cross chose to misrepresent affirmatively to the beneficiaries that they were still covered under the May's plan rather than inform the beneficiaries that their coverage had lapsed, then liability premised on concealment of the breach would also exist. Id. at Section 1105(a)(1).**

**See Exhibit E, Copy of <u>Willett</u> Decision.**

In this case, Defendant HMO breached the duty which it owed under 29 U.S.C. Section 1105(a)(3) to timely advise Plaintiff that her group health insurance coverage had been suspended on December 1, 1998. Furthermore, Defendant HMO violated Section 1105(a)(1) of ERISA by knowingly participating in and/or knowingly concealing from the Plaintiff the fact that her group health insurance benefits had been suspended. According to the testimony of Ms. Parish, HMO suspended P&S's group coverage on December 1, 1998, but Defendant did not advise Plaintiff that her coverage had been suspended when it approved Plaintiff's hospitalization and surgery on December 11, 1998. At that time, Defendant HMO should have known that Plaintiff was unaware that her health insurance coverage had been suspended. Not only did Defendant HMO breach the fiduciary obligation to Plaintiff by not advising her that her coverage had been suspended. HMO misled Plaintiff into believing that she still had coverage when it pre-certified her hospitalization and surgery on December 11, 1998.

In <u>Willett</u>, the Court believed that there was a factual issue as to when Blue Cross became aware that plaintiff's employer, Mays, had not notified its employees that their coverage had lapsed. Here there is no such factual issue. On December 11, 1998 when Plaintiff's hospitalization and surgery were pre-certified, Defendant HMO Louisiana knew or should have known that P&S Health had not told Plaintiff that her insurance coverage had been suspended for non payment of the

7

December, 1998 premium. If Plaintiff had been advised by her employer that her coverage had been suspended, Plaintiff would not have applied to have her hospitalization and surgery approved by Defendant HMO.

In <u>Willett</u>, the Eleventh Circuit held that Blue Cross may be liable to plaintiffs for any and all damages which they suffered as a result of Blue Cross' failure to cure Mays' breach of its duty to provide plaintiffs with proper notice of the suspension of the Mays health insurance plan. In this case, the Plaintiff has suffered a **$25,177.32** loss as a result of Defendant HMO Louisiana's failure to provide Plaintiff with timely notice that her health insurance coverage had been suspended.

Respectfully submitted,

*[signature]*

CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

---

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S Mails, postage prepaid and properly addressed, on this 14th day of Nov, 2001.

*[signature]*

---

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION  "T" |
| | * | |
| HMO LOUISIANA, INC., ET AL | * | MAG. (1) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

**LIST OF EXHIBITS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

| EXHIBIT | DOCUMENT(S) |
|---|---|
| A | Affidavit of Plaintiff |
| B | 30(b)(6) Deposition of HMO Representative Shirley Parish |
| C | December 21, 1998 Letter From Terri D. Klack, Director of Benefits, Blue Cross/Blue Shield of Louisiana |
| D | Copy of Certificate of Insurance Dated January 26, 1999 from HMO Louisiana to Plaintiff Beverly Riley |
| E | Copy of Willett Decision |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0046 |
| HMO LOUISIANA, INC., ET AL | * | SECTION "T"   MAG. (1) |

* * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF HEARING

To:  A Representative of HMO Louisiana, Inc.
C/O John E. W. Baay II
Steen, McShane & Williamson, LLC
Suite 1250, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-1250

**PLEASE TAKE NOTICE** that Plaintiff's Motion for Summary Judgment will come before the Honorable Sally Shushan, on **Wednesday, December 5, 2001** at **9:00** a.m. or as soon there after as counsel may be heard.

Respectfully submitted,

_____
CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S. Mails, postage prepaid and properly addressed, on the 14th day of Nov, 20 01

_____

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**