FILED.
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 29 PM 3:26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION "T" |
| | * | |
| HMO LOUISIANA, INC. AND SHIELA LUMBI WIFE OF AND PAUL L. LUMBI D/B/A P& S HOME HEALTH SERVICES | * * * | MAG. (1) JUDGE PORTEOUS |
| | * | MAGISTRATE SHUSHAN |

### CROSS-MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Defendant, HMO LOUISIANA, INC., in the above-numbered and entitled cause, and respectfully moves for the entry of summary judgment dismissing all claims brought against it by Plaintiff, Beverly Riley, for the reasons set forth in the Memorandum in Support of Cross Motion for Summary Judgment.

Respectfully submitted,

STEEN, MCSHANE & WILLIAMSON, L.L.C.

By: _____
JOHN E.W. BAAY II, T.A. (#22928)
JEFFREY W. PETERS (#27603)
1100 Poydras Street
1250 Energy Centre
New Orleans, Louisiana 70163-1250
Telephone: (504) 599-8440

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of November, 2001, served a copy of the foregoing pleading, by mailing the same by United States mail, properly addressed, and first class postage prepaid, or by hand delivery on counsel for all parties.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION "T" |
| | * | |
| HMO LOUISIANA, INC. AND SHIELA | * | MAG. (1) |
| LUMBI WIFE OF AND PAUL L. LUMBI | * | |
| D/B/A P& S HOME HEALTH SERVICES | * | JUDGE PORTEOUS |
| | * | |
| | * | MAGISTRATE SHUSHAN |

**STATEMENT OF UNCONTESTED FACTS**

NOW INTO COURT, through undersigned counsel, comes Defendant, HMO LOUISIANA, INC., (hereinafter Blue Cross") in the above-numbered and entitled cause, and respectfully submits the following uncontested facts:

1. On October 22, 1998, Blue Cross received an application for Comprehensive Group Coverage from P&S Health Service (the "Employer"). A copy is attached as Exhibit A.

2. At the time the application was received, the Employer employed twenty-three individuals and requested coverage for management and office personnel only, leaving four employees eligible for group coverage.

3. The Employer requested an effective date for coverage beginning on November 1, 1998, and selected the type of coverage and all coverage options including deductible and co-insurance amounts, and maximum lifetime benefits.

4. The underwriting department at Blue Cross approved P&S Health Service for group coverage on November 13, 1998, and the application was sent to group administration to be set up in their system.

5. On November 23, 1998, Blue Cross mailed identification cards and Certificates of Group Coverage to the Employer for each employee enrolled in the group, including Plaintiff, Beverly Riley. A copy Plaintiff's Certificate of Group Coverage is attached as Exhibit B.

6. On November 24, 1998, Blue Cross sent the Employer the Point of Service Contract for Group Coverage (hereinafter the "Group Plan"). A copy is attached as Exhibit C.

7. The Group Plan was an ERISA-regulated employee benefit plan.

8. The monthly premium of $1,229.00 was received and credited to the group contract for the month of November, 1998.

9. Plaintiff's employment with the Employer was terminated in November, 1998. No further contributions were made by Plaintiff, nor were any payroll deductions taken by the Employer for the purpose of paying the insurance premium. See Compliant at 6 and 14.

10. On December 11, 1998, Blue Cross pre-certified a three-day hospitalization for Plaintiff. At that time, the Employer had not paid the premium for December, and Plaintiff was not notified of the potential problem. A copy of the pre-certification letter is attached as Exhibit D.

11. On December 21, 1998, Blue Cross sent the Employer a letter warning that no premium for the month of December had been received. A copy is attached as Exhibit E.

12. On January 21, 1999, Blue Cross notified the Employer that the Group Plan was cancelled for non-payment of premiums. A copy is attached as Exhibit F.

13. The effective date of the cancellation was December 1, 1998: the last for which premiums had been paid.

14. On January 26, 1999, a certificate of coverage indicating that coverage had been cancelled was sent to all employees, including Beverly Riley. A copy of the certificate sent to Plaintiff is attached as Exhibit G.

15. All of the claims which are the subject of this lawsuit were incurred by Beverly Riley after the effective termination date of the group contract. Therefore, none of the claims were paid.

16. The administrative record in this case consists completely of the Exhibits attached hereto. These documents constitute all relevant information made available to Defendant at the time the decision to deny coverage was made. *Estate of Bratton v. National Union Fire Insurance*, 215 F.3d 516, 521 (5th Cir. 2000).

Respectfully submitted,

STEEN, MCSHANE & WILLIAMSON, L.L.C.

By: _____
JOHN E.W. BAAY II, T.A. (#22928)
JEFFREY W. PETERS (#27603)
1100 Poydras Street
1250 Energy Centre
New Orleans, Louisiana 70163-1250
Telephone: (504) 599-8440
Facsimile: (504) 588-8459

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of November, 2001, served a copy of the foregoing pleading, by mailing the same by United States mail, properly addressed, and first class postage prepaid, or by hand delivery on counsel for all parties.

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION "T" |
| | * | |
| HMO LOUISIANA, INC. AND SHIELA | * | MAG. (1) |
| LUMBI WIFE OF AND PAUL L. LUMBI | * | |
| D/B/A P& S HOME HEALTH SERVICES | * | JUDGE PORTEOUS |
| | * | |
| | * | MAGISTRATE SHUSHAN |

## MEMORANDUM IN SUPPORT OF
## CROSS MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, HMO LOUISIANA, INC., (hereinafter "Blue Cross") respectfully submits this memorandum in support of its Cross Motion for Summary Judgment seeking dismissal of all remaining claims brought against it by Plaintiff, Beverly Riley. This case arises out of the denial of benefits claimed by Plaintiff under an ERISA-regulated employee benefit plan. Specifically, health insurance benefits were denied for non-payment of premiums. Plaintiff has filed a Motion for Summary Judgment seeking relief pursuant to ERISA provisions dealing with breach of a fiduciary duty.

The facts are not in dispute. At all times Blue Cross acted as a prudent administrator of the health plan and did not abuse its discretion as plan administrator or breach any fiduciary duty that may have been owed to Plaintiff. Therefore, Blue Cross' cross-motion for summary judgment should be granted dismissing Plaintiff's claims with prejudice.

## BACKGROUND FACTS

On October 22, 1998, Blue Cross received an application for comprehensive group coverage from P&S Health Service (the "Employer"). *See* Exhibit A. The application indicates that the Employer employs twenty-three individuals. The Employer was seeking coverage for management and office personnel only, leaving only four employees eligible for group coverage. The Employer requested an effective date for coverage beginning on November 1, 1998, and selected the type of coverage and all coverage options including deductible and co-insurance amounts, and maximum lifetime benefits.

On October 23, 1998, the application was forwarded to the underwriting department at Blue Cross. After reviewing the application, the underwriting department at Blue Cross approved P&S Health Service for group coverage on November 13, 1998, and the application was sent to group administration to be set up in its system.

On November 23, 1998, Blue Cross mailed identification cards and Certificates of Group Coverage to the Employer for each employee enrolled in the group, including Plaintiff. *See* Exhibit B. The records of Blue Cross indicate that the monthly premium of $1,229.00 was received and credited to the group contract for the month of November, 1998. On the following day, Blue Cross sent the Employer the Point of Service Contract of Group Coverage (hereinafter the "Group Plan"). *See* Exhibit C.

In late November, Plaintiff's employment with the Employer terminated. No further contributions were made by the Plaintiff, nor were any payroll deductions made by the Employer for the purpose of paying the insurance premium. See Complaint at ¶¶ 4, 16.

2

On December 11, 1998, Blue Cross pre-certified a 3-day hospitalization for Beverly Riley beginning December 14, 1998. *See* Exhibit D. At that time, she was not notified by Blue Cross that her Employer had not paid the premium for December. She received treatment at Pendleton Memorial Methodist Hospital and incurred medical expenses related to that treatment.

On December 21, 1998, Blue Cross sent the Employer a letter warning that no premium for the month of December had been received. *See* Exhibit E. On January 21, 1999, Blue Cross notified the Employer that the group contract was cancelled for non-payment of premiums. *See* Exhibit F. The effective date of the cancellation was December 1, 1998: the last day for which premiums had been paid. On January 26, 1999, a certificate of coverage indicating that coverage had been cancelled was sent to all employees, including Beverly Riley. *See* Statement of Uncontested Facts and Exhibit G.

All of the claims which are the subject of this lawsuit were incurred by Beverly Riley in December, 1998, after the effective termination date of the group contract. Therefore, none of the claims were paid.

On October 16, 2001, this Court ruled that Plaintiff's state law claims were preempted by ERISA. Pursuant to the Court's order, Plaintiff filed a motion for summary judgment based on the remaining ERISA claims. Plaintiff, however, failed to file a complete administrative record as instructed by the Court's Order. Blue Cross, according to the guidelines established by the Fifth Circuit in *Estate of Bratton v. National Union Fire Insurance Company*, 215 F.3d 516, 520 (2000), has attached the proper record to this Cross Motion for Summary Judgment. See Exhibits A-G.

## LAW AND ARGUMENT

In her Motion for Summary Judgment, Plaintiff, for the first time, alleges that Blue Cross breached its fiduciary duty to timely inform plan participants of the termination of insurance coverage. ERISA establishes that insurance companies are co-fiduciaries with employers who fund group health plans like the one at issue in this case. 29 U.S.C. § 1105. As a co-fiduciary, insurers can be held liable for breach of fiduciary duties in three specific instances: (1) by participating

knowingly or knowingly undertaking to conceal a known breach of duty by the other fiduciary; (2) by enabling the other fiduciary to commit the breach through failure to act as a prudent administrator; (3) or by failing to make reasonable efforts to remedy the breach if the insurer has knowledge of the breach by the other fiduciary. 29 U.S.C. § 1105 (a)(1-3). The fiduciary's conduct is determined by the "prudent man standard of care." 29 § U.S.C. 1104(a). Courts review the decisions of plan administrators subject to an abuse of discretion standard. *Vega v. National Life Ins. Services*, 188 F.3d 287, 295 (5th Cir. 1999). Furthermore, ERISA does not provide a statutory remedy for an alleged breach of this character. Plaintiffs may only seek equitable relief, and the principles of equity factor heavily in questions of breach of fiduciary duties under ERISA. *McCall v. Burlington Northern/Sante Fe Co.*, 237 F.3d 506, 509 (5th Cir. 2000).

The administrative record shows that Blue Cross acted as a prudent administrator under these circumstances. Plaintiff applied for pre-certification in early December, a month after her termination of employment with the Employer, for hospitalization that would commence on Monday, December 14. Blue Cross issued a certification letter on December 11, only nine working days into the month. The certification letter explicitly states that certification does not guarantee that benefits will be paid. Furthermore, at this time of the month, Blue Cross had no indication that Plaintiff's Employer would default on its obligations to pay the insurance premiums. As a prudent administrator, Blue Cross had no duties to advise Plaintiff that her Employer was nine days late with its December payment. Were insurers required to notify plan participants immediately when payments were only a few days late, chaos would result in the employer sponsored health insurance industry. In fact, such a requirement would most likely result in a decrease of employer-sponsored health insurance programs. This result is contrary to the intent of ERISA and public policy in general. 29 U.S.C. § 1001.

Blue Cross' actions do not constitute a knowing effort to conceal or enable Plaintiff's Employer's breach of its fiduciary duty. Blue Cross would not have written the policy if it knew the Employer would default on the payments only one month into the policy. Furthermore, Blue Cross

had nothing to gain by misrepresenting the policy conditions to the plan participants. Blue Cross was simply trying to accommodate a small employer and provide coverage for the participants. These actions were decidedly not a knowing effort to conceal the breach of the Employer, nor did Blue Cross fail to act as a prudent administrator so that it enabled the Employer's breach of its duty.

Moreover, on two occasions, Blue Cross attempted to remedy the situation by warning Employer that it was in breach and was in danger of having its coverage terminated. In fact, even at termination, Blue Cross gave notice to the Employer that it could remedy past breaches by tendering the delinquent amounts. Within five days of the termination letter to the Employer, Blue Cross provided notification to the plan participants. While ERISA may make an insurer a co-fiduciary, the law does not make an insurer a guarantor of coverage for plan participants. The actions of Blue Cross were well within the standard of care for a prudent administrator, and do not fit into any of the three enumerated categories of breach for a co-fiduciary.

In its Motion for Summary Judgment, Plaintiff relies exclusively on *Willett v. Blue Cross and Blue Shield of Alabama*, 953 F.2d 1335 (11th Cir. 1992). *Willett*, a decision of the 11th Circuit, is an anomaly in ERISA jurisprudence. The case has never been approved by the Fifth Circuit, nor cited by any federal court in this circuit. Moreover, it has never been cited by any court for the specific allegations for which Plaintiff states the case stands. Finally, even assuming it is good law, *Willett* is clearly distinguishable from this action.

In *Willett*, the Employer failed to make required payments to the insurer for five months before the insurer notified the participants that their coverage was suspended. 953 F.2d at 1338-39. During those five months, the Employer continued to make payroll deductions for the supposed purpose of paying insurance premiums. *Id.* Also during those five months, the insurer continued to approve treatment for the participants. *Id.* When the insurer abruptly terminated coverage retroactive to the last payment, the participants were left responsible for medical expenses, and received no benefit from their contributions to the plan. *Id.* Nonetheless, even under these egregious circumstances, the court could not find conclusively that the insurer breached its fiduciary duty. *Id.*

5

at 1341. Thus, while *Willett* contains *dicta* that may indicate an insurer may be liable for breach of fiduciary duties in extreme circumstances, the case does not stand for the proposition that an immediate, affirmative duty applies to an insurer to notify plan participants when the Employer has failed to make required contributions to a group health plan.

Even if the 11th Circuit intended to establish such a duty, the facts of Plaintiff's allegations do not mirror the *Willett* situation. Plaintiff's Employer was in default only nine working days, not five months as in *Willett*, when Plaintiff filed for pre-certification. This time lapse results in different implications under the prudent man standard. After successive non-payments, the insurer should have been on notice that the Employer might default on its obligations. Under those circumstances, it might be reasonable to impose a duty on the insurer to notify the participants of the breach. In this case, however, Blue Cross, as a prudent administrator, had no duty to alert the participants when the premium was only nine days late. Such alarmist actions would weaken the employer-employee relationship and lessen the employee's confidence in the insurance program, possibly resulting in decreased participation.

Further distinguishing *Willett*, the Employer closed its New Orleans office and terminated the employment of all employees, including Plaintiff, during early November, 1998. Blue Cross was not notified of this action by the Employer. Plaintiff had no reasonable expectation of coverage following December 1st unless she believed the coverage would be provided to her free of charge. Obviously, Plaintiff was in a better position than Blue Cross to know that the December premium would never be paid. Thus, *Willett*, which rests on questionable legal grounds in its own right, is inapplicable in this case and Plaintiff's reliance on that decision is misplaced.

## CONCLUSION

Under the circumstances of this case, Blue Cross acted as prudent administrator, did not abuse its discretion in evaluating the Plaintiff's claim, and did not breach any fiduciary duties that may have been owed to Plaintiff. Blue Cross did not knowingly participate or enable the breach of any duties owed to the Plaintiff under ERISA. Moreover, in the limited time frame at issue, Blue

Cross made efforts to remedy the breach and gave timely notice of the termination of the policy as required by law. Therefore, Plaintiff's motion for summary judgment should be denied, Blue Cross's cross motion for summary judgment granted, and all of Plaintiff's claims dismissed with prejudice.

        Respectfully submitted,

        STEEN, McSHANE & WILLIAMSON, L.L.C.

By: _____
        JOHN E.W. BAAY II, T.A. (#22928)
        JEFFREY W. PETERS (#27603)
        1100 Poydras Street
        1250 Energy Centre
        New Orleans, Louisiana 70163-1250
        Telephone: (504) 599-8440
        Facsimile: (504) 588-8459

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of November, 2001, served a copy of the foregoing pleading, by mailing the same by United States mail, properly addressed, and first class postage prepaid, or by hand delivery on counsel for all parties.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY RILEY | * | CIVIL ACTION NO. 00-0046 |
| | * | |
| VERSUS | * | SECTION "T" |
| | * | |
| HMO LOUISIANA, INC. AND SHIELA LUMBI WIFE OF AND PAUL L. LUMBI D/B/A P& S HOME HEALTH SERVICES | * * * | MAG. (1) |
| | * | JUDGE PORTEOUS |
| | * | |
| | * | MAGISTRATE SHUSHAN |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the Cross-Motion for Summary Judgment filed herewith will be decided pursuant to the Minute Entry dated October 15, 2001.  Accordingly, Plaintiff has until December 14, 2001 to file any reply thereto.  Following the filing of these papers, the Motion for Summary Judgment will be taken under submission without oral argument.

Respectfully submitted,

STEEN, MCSHANE & WILLIAMSON, L.L.C.

By: _____
JOHN E.W. BAAY II, T.A. (#22928)
JEFFREY W. PETERS (#27603)
1100 Poydras Street
1250 Energy Centre
New Orleans, Louisiana 70163-1250
Telephone: (504) 599-8440
Facsimile: (504) 588-8459

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of November, 2001, served a copy of the foregoing pleading, by mailing the same by United States mail, properly addressed, and first class postage prepaid, or by hand delivery on counsel for all parties.

_____

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**